STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHRISTOPHER V. CONSTANTINO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 11, 1974—Decided June 20, 1974.

Before Judges KOLOVSKY, FRITZ and CRANE.

*Mr. Frank R. Krack,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Willard E. Byer, Jr.,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. George F. Kugler, Jr.,* former Attorney General of New Jersey).

PER CURIAM. A jury found defendant, the chief of police of East Greenwich Township, guilty of 18 violations of the statute governing the issuance of permits to purchase firearms. *N. J. S. A.* 2A:151–32 to *N. J. S. A.* 2A:151–40. Defendant appeals from the judgment of conviction.

The cited sections, appearing as Article 4 of Chapter 151 of Title 2A, set out an integrated legislative scheme to govern the issuance of pistol and revolver permits and firearms purchaser identification cards and the purchase and sale of pistols and revolvers. It authorizes the chief of police of a full-time police department to issue permits to purchase a pistol or revolver or a firearm purchaser identification card (ID card) to qualified persons (*N. J. S. A.* 2A:151–34; 2A:151–33). It requires the chief to investigate anyone who applies to him (*N. J. S. A.* 2A:151–35; 2A:151–36) and to obtain and submit for comparison to the State Bureau of Investigation, and to the F.B.I., the fingerprints of any applicant (*N. J. S. A.* 2A:151–35). The last section in the article, *N. J. S. A.* 2A:151–40, provides: "Any person who violates any provision of this article is guilty of a misdemeanor."

The indictment charged, and the proofs established, that defendant had not sent the fingerprints of 18 applicants for firearms ID cards to the State Bureau of Investigation as required by the statute and thereafter had knowingly and intentionally issued to those 18 applicants ID cards which contained "fictitious" identification numbers, numbers which never had been assigned to the applicant by the Superintendent of State Police.

On appeal defendant's sole contention is that he, as the person called upon to issue the ID cards, is "not one of the class of persons to whom the penalty provision of *N. J. S. A.* 2A:151–40 applies." He argues that when the Legislature directed that "any person who violates any provision of this article" be found guilty of a misdemeanor, it was not intended that a police chief be punished for failing to fulfill any of the affirmative duties imposed upon him. Rather,

he says, the Legislature only intended prosecution of buyers and sellers of guns who violated the prohibitions of the statute.

Defendant maintains that the legislative antecedents of the present statute support his interpretation. We do not agree. The general penalty provision which now exists as a separate section was once directly annexed to that section which then set out the duties of a police chief (*L.* 1930, *c.* 218, § 9). We find nothing in the forerunners of the present act or in the legislative history to indicate that the Legislature intended to exclude from the coverage of *N. J. S. A.* 2A:151-40 any person, such as a police chief, or any type of violation, such as the failure to perform an affirmative duty. Indeed, the contrary interpretation is mandated to effectuate the purpose and objective of the legislation. *Cf. Burton v. Sills,* 53 *N. J.* 86, 93 (1968).

Nor do we find anything in the words of the article itself which would lead us to believe that the Legislature would have us exclude defendant from its penalty. Nothing indicates that the words "any person" and "any violation" have a special meaning. We must, therefore, give them their ordinary and primary meaning and not exclude any person or any violation from the section. See *Fahey v. Jersey City,* 52 *N. J.* 103, 107 (1968).

The judgment is affirmed.