**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1551-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

PHILLIP G. COLSON,

      Defendant-Appellant.

_____

> Submitted March 4, 2020 – Decided March 13, 2020
>
> Before Judges Haas, Mayer and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6219.
>
> Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief).
>
> Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Timothy Mark Ortolani, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Phillip G. Colson appeals from the November 1, 2018 Law Division, Criminal Part order directing him to install an ignition interlock device based on his guilty plea to refusing to submit to a breath test, N.J.S.A. 39:4-50.4a. We affirm.

On November 29, 2017, defendant was charged with driving while intoxicated, N.J.S.A. 39:4-50; refusal to submit to breath testing, N.J.S.A. 39:4-50.4a; and reckless driving, N.J.S.A. 39:4-96. On April 18, 2018, he entered a guilty plea in municipal court to the refusal to submit to a breath test, N.J.S.A. 39:4-50.4a. All other charges were dismissed based on the defendant's negotiated plea agreement.

On May 1, 2018, defendant was sentenced by a municipal court judge to seven months' loss of driving privileges in New Jersey and installation of an ignition interlock device for thirteen months. Defendant also was ordered to attend 12 hours at the Intoxicated Driver Resource Center, pay a $306 fine, as well as $100 in Drunk Driving Enforcement Fund (DDEF) assessments and $33 in court costs. The municipal court judge rejected defense counsel's argument that installation of an ignition interlock device did not apply to out-of-state drivers.

On May 18, 2018, defendant appealed from the municipal court's sentence, challenging only the imposition of the ignition interlock device. A Law Division, Criminal Part judge in Union County rejected defendant's claim that he was not required to install the device and on November 1, 2018, the judge imposed the same sentence the municipal court judge imposed.[1]

On appeal defendant renews his argument that it was error for the sentencing court to impose the requirement of an ignition interlock device based on his conviction for violating N.J.S.A. 39:4-50.4a, because he is a licensed Pennsylvania driver. We disagree.

"When an appellate court reviews a trial court's analysis of a legal issue, it does not owe any special deference to the trial court's legal interpretation." State v. Schubert, 212 N.J. 295, 303-04 (2012). "'[A]ppellate review of legal determinations is plenary.'" Id. at 304 (quoting State v. Handy, 206 N.J. 39, 45 (2011)). Here, defendant raises an issue involving the interpretation of a statute. Therefore, our review is plenary.

_____

[1] In doing so, the Law Division, Criminal Part judge stated that it "sees no reason to deviate from the previously imposed sentence." However, the judge inadvertently failed to mention the mandatory $100 DDEF assessment in his ruling. Accordingly, the order of November 1, 2018 must be amended to reflect this mandatory assessment.

When the interpretation of a statute is at issue, we must first consider the plain language of the statute. State v. Marquez, 202 N.J. 485, 499 (2010). "We apply common sense in deducing the meaning of the Legislature's chosen language, drawing inferences based on the statute's structure and composition." In re J.S., 444 N.J. Super. 303, 308 (App. Div. 2016).

"If a plain-language reading of the statute 'leads to a clear and unambiguous result, then our interpretive process is over.'" State v. Hupka, 203 N.J. 222, 232 (2010) (quoting Richardson v. Board. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195-96 (2007)). Still, if we discern an ambiguity in the statutory language, we look to extrinsic evidence. Ibid. Sources for such evidence include "the statute's purpose, legislative history, and statutory context to ascertain the legislature's intent." State v. Thomas, 166 N.J. 560, 567 (quoting Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 323 (2000)).

By statute, "[a]ny person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath . . . to determine the content of alcohol in his blood . . . ." N.J.S.A. 39:4-50.2. Any refusal to consent to said breath test is criminalized pursuant to N.J.S.A. 39:4-50.4a. A reading of this statute plainly confirms that if the refusal is in connection with a first offense,

"[t]he . . . court shall order [the] person . . . to forfeit the right to operate a motor vehicle over the highways of this State until the person installs an ignition interlock device in one motor vehicle owned, leased, or principally operated by the person . . . ." N.J.S.A. 39:4-50.4a(a).

Defendant asserts there "is nothing in the language of the statute that expressly addresses the application of the interlock mandate to out[-]of[-]state drivers." Relying on N.J.S.A. 39:4-50(c), he argues the Legislature intended to differentiate between out-of-state drivers and New Jersey drivers when imposing a sentence for a refusal conviction. This statute provides:

> Upon conviction of a violation of this section, the court shall collect forthwith the New Jersey driver's license or licenses of the person so convicted and forward such license or licenses to the chief administrator . . . . In the event that a person convicted under this section is the holder of any out-of-State driver's license, the court shall not collect the license but shall notify forthwith the chief administrator, who shall, in turn, notify appropriate officials in the licensing jurisdiction. The court shall, however, revoke the nonresident's driving privilege to operate a motor vehicle in this State, in accordance with this section.
>
> [N.J.S.A. 39:4-50(c).]

Because N.J.S.A. 39:4-50(c), involving the administrative treatment of a license, distinguishes between a license suspension and the revocation of driving privileges, defendant claims the ignition interlock device requirement applies

A-1551-18T3

only when a driver's license is suspended, but not when driving privileges are revoked. We are not persuaded.

Defendant's interpretation does not comport with a plain reading of this statute and runs contrary to the stated intent of the Legislature to curb drunk driving. As set forth in N.J.S.A. 39:4-50.16:

> a. This State's penalties for drunk driving, including the mandatory suspension of driver's licenses and counseling for offenders, are among the strongest in the nation. However, despite the severity of existing penalties, far too many persons who have been convicted under the drunk driving law continue to imperil the lives of their fellow citizens by driving while intoxicated.
>
> b. Ignition interlock devices, which permit a motor vehicle to be started only when the driver is sober, offer a technically feasible and effective means of further reducing the incidence of drunk driving . . . .
>
> c. The judicious deployment of ignition interlock devices, as provided under this act, will enhance and strengthen this State's existing efforts to keep drunk drivers off the highways.

Our Legislature clearly prioritizes the safety of its citizens and makes no distinction between in- and out-of-state drivers when addressing the wisdom of utilizing ignition interlock devices to "keep drunk drivers off the highways."

Furthermore, the plain language of the refusal statute does not exempt out-of-state drivers from the requirement to install an ignition interlock device.

6

Rather, the statute explicitly states the court "shall order any person who, after being arrested for a violation of [N.J.S.A. 39:4-50] . . . refuses to submit [to a breath test] . . . to forfeit the right to operate a motor vehicle over the highways of this State until the person installs an ignition interlock device . . . ." N.J.S.A. 39:4-50.4a (emphasis added). The straightforward wording of the refusal statute does not carve out an exception for out-of-state drivers who violate the law but instead punishes "any person" who violates the refusal statute.

Our Supreme Court has provided guidance on interpretation of the phrase, "any person," explaining:

> "Any," as commonly defined, means one out of a group, without differentiating among the group's members. Webster's Third New Int'l Dictionary 97 (1971). When "any" is used in conjunction with "person," as in the eluding statute, the phrase embraces all natural persons, including the defendant. See State v. Constantino, 129 N.J. Super. 111, 113 (App. Div. 1974) (concluding that words "any person" in statute governing issuance of revolver permits and firearms purchaser identification cards did not exclude anyone, even defendant chief of police, from its coverage).
>
> [State v. Bunch, 180 N.J. 534, 543 (2004).]

"'[T]he Legislature is presumed to be aware of judicial construction of its enactments.'" Maeker v. Ross, 219 N.J. 565, 575 (2014) (quoting DiProspero v. Penn, 183 N.J. 477, 494 (2005)). Therefore, our Legislature is presumed to be

aware that it did not exempt out-of-state drivers who are convicted under the refusal statute from the requirement that they must install an ignition interlock device. Accordingly, we are satisfied the Law Division, Criminal Part judge properly subjected defendant to the requirement of installing an ignition interlock device.

Affirmed. We remand for correction of defendant's sentence to include a $100 DDEF assessment, which must be imposed following a conviction under N.J.S.A. 39:4-50.4(a). We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1551-18T3